UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN EDWARD MEDVED, | ) | CASE NO. 4:16-cv-2334 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| U.S. DEPARTMENT OF JUSTICE, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the motion of defendants U.S. Department of Justice ("DOJ") and U.S. Parole Commission ("Commission") (collectively "defendants") to dismiss the complaint of plaintiff John Edward Medved ("Medved"). (Doc. No. 12 ("Mot.").) Medved filed a response opposing the motion (Doc. No. 18 ("Opp'n")), and defendants filed a reply (Doc. No. 19 ("Reply")).[1] For the reasons that follow, the motion is granted.

**A. Background**

Medved alleges in the complaint that the defendants violated his constitutional rights to due process and equal protection, and his right to be free from cruel and unusual punishment, because the Commission did not respond to his probation officer's annual supervision reports for a number of years, and failed to hold timely supervision termination hearings. (Doc. No. 1 ("Compl.").) Medved seeks $400,000.00 in damages. (*Id.*)

---

[1] Also pending is Medved's motion to correct error (Doc. No. 28), which is granted, and motion to compel (Doc. No. 27), which is moot in light of the Court's ruling on defendants' motion to dismiss.

In support of the motion, defendants argue that the United States has not waived sovereign immunity with respect to Medved's claims, thus, the Court lacks subject matter jurisdiction and the case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).[2] (Mot. at 56.[3])

**B. Rule 12(b)(1)**

**1. Standard of review**

It is well-settled that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) (citations omitted). "[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996) (citations omitted). "If the government has not waived its sovereign immunity with respect to a particular claim, federal courts lack subject matter jurisdiction over that claim." *French v. United States*, 195 F. Supp. 3d 947, 952 (N.D. Ohio 2016) (citing *Montez ex rel. Estate of Hearlson v. United States*, 359 F.3d 392 (6th Cir. 2004)).

Challenges to subject matter jurisdiction "'come in two varieties: a facial attack or a factual attack.'" *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012) (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). A facial attack questions the sufficiency of the pleading, in which case the court "takes the allegations in the complaint as true, just as in a Rule 12(b)(6) motion."

---

[2] Defendants also seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for the additional reason that the complaint fails to state a claim for which relief can be granted. Defendants' Rule 12(b)(6) argument has merit for the reasons outlined in the motion. However, because the Court lacks subject matter jurisdiction for the reasons discussed herein, defendants' Rule 12(b)(6) motion need not be further addressed.

[3] All page number references are to the page identification numbers generated by the Court's electronic filing system.

*Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816-17 (6th Cir. 2017) (internal quotation marks and citations omitted). "A factual attack, on the other hand, raises a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist.'" *Id.* at 817 (quoting *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330 (further citation omitted)).

In this case, the nature of the attack is facial because the Court is not required to examine the truthfulness of Medved's allegations in order to determine the existence of subject matter jurisdiction. *See Graber v. Metro. Life Ins. Co.*, 855 F. Supp. 2d 673, 676 (N.D. Ohio 2012). The Court will consider the allegations in Medved's complaint to be true for the purpose of this analysis. The burden of establishing jurisdiction rests with the party asserting it, in this case, Medved. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Defendants contend that the Court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity with respect to Medved's claim for money damages for alleged violations of his constitutional rights, and constitutional tort claims are not cognizable under the Federal Tort Claims Act ("FTCA"). (*See* Mot. at 61.)

**2. Analysis**

Defendants are agencies of the federal government, and the protections of sovereign immunity apply to federal agencies. *See Clayton v. Michigan Dep't of Corr.*, No. 1:05-CV-504, 2005 WL 2001183, at *2 (W.D. Mich. Aug. 17, 2005) ("As an agency of the United States, the Department of Justice is entitled to sovereign immunity.") (citations omitted); *Jones v. Fulwood*, 860 F. Supp. 2d 16, 21 (D.D.C. 2012) (Sovereign

immunity bars a claim for money damages against the United States Parole Commission as an arm of the federal sovereign.) (collecting cases). "The United States has not waived its sovereign immunity in suits for money damages because of alleged constitutional violations." *Sykes v. United States*, 507 F. App'x 455, 462 (6th Cir. 2012) (citing among authority *Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002)). Moreover, federal constitutional claims are not cognizable under the FTCA, and the United States has not waived its sovereign immunity under the FTCA for federal constitutional claims. *Moher v. United States*, 875 F. Supp. 2d 739, 770 (W.D. Mich. 2012) (citing among authority *Meyer*, 510 U.S. at 476-78).

Medved's opposition, which focuses entirely on the purported merits of his claims, fails to respond to defendants' jurisdictional arguments or otherwise carry his burden to establish subject matter jurisdiction in this case. Accordingly, defendants' motion to dismiss pursuant to Rule 12(b)(1) is granted. *See Brown v. U.S. Parole Comm'n*, Civil Action No. 09-2907, 2009 WL 4362743, at *2 (E.D. Pa. Dec. 2, 2009) (plaintiff's complaint against U.S. Parole Commission for money damages for violation of his constitutional rights under the Fourteenth Amendment dismissed for lack of subject matter jurisdiction because sovereign immunity not waived.); *Schenker v. U.S. Parole Comm'n*, 85 F.R.D. 696, 697 (D. Colo. 1980).

**C. Conclusion**

For all of the foregoing reasons, as well as the reasons set forth in the motion to dismiss, defendants' motion to dismiss is granted. This case is dismissed and closed.

**IT IS SO ORDERED**.

Dated: December 29, 2017

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**