# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN EDWARD MEDVED, | ) | CASE NO. 4:16-cv-2334 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the unopposed motion for reconsideration filed by plaintiff John Edward Medved ("Medved"). (Doc. No. 31 ["Mot."].) In the motion, Medved seeks reconsideration of the Court's ruling on December 29, 2017, granting defendants' motion to dismiss. (Doc. No. 29 ["MOO"].) For the reasons discussed below, the motion is DENIED.

**I.   BACKGROUND**

Medved seeks reconsideration of the dismissal of his constitutional claims of equal protection and due process violations, seeking $400,000.00 in damages. The Court dismissed the case pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, holding that the United States had not waived sovereign immunity with respect to Medved's claims. (MOO at 182-83.[1]) Additionally, the Court noted that sovereign immunity could not be waived under the Federal Tort Claims Act ("FTCA") because constitutional tort claims are not cognizable under the FTCA. (*Id.* at 183.) Prior to the Court's ruling on the motion, Medved filed an opposition to

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

the motion to dismiss that focused on the merits of the claims alone and was entirely devoid of any argument regarding subject matter jurisdiction. (*Id.*; Doc. No. 18 (Opposition to Motion to Dismiss).)

## II. STANDARD OF REVIEW

The federal rules of civil procedure do not provide for motions for reconsideration. Such motions are typically treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)). The purpose of Rule 59(e), however, is not to provide an unhappy litigant with an opportunity to relitigate issues already considered and rejected by the Court. *Morgantown Mach. & Hydraulics of Ohio, Inc. v. Am. Piping Prods., Inc.*, No. 5:15-CV-1310, 2016 WL 3555431, at *3 (N.D. Ohio June 30, 2016) (citation omitted). In other words, a motion for reconsideration is not a substitute for appeal. *See CitiMortgage, Inc. v. Nyamusevya*, No. 2:13-CV-00680, 2015 WL 1000444, at *4 (S.D. Ohio Mar. 5, 2015) (citing *Gore v. AT & T Corp.,* No. 2:09–CV–854, 2010 WL 3655994, *1 (S.D. Ohio Sept. 14, 2010) ("Motions for reconsideration should not be used as a substitute for appeal nor should they be used as a vehicle for mere disagreement with a district court's opinion.")). Neither is a Rule 59(e) motion properly used to advance a new legal theory or evidence to support a prior argument when either or both, with due diligence, could have been discovered and offered during the initial consideration of the issue. *McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citation omitted).

Generally, only three situations justify a district court in altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new

evidence not available at trial; or (3) to correct a clear error or prevent a manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)); *see also Huff v. FirstEnergy Corp.*, No. 5:12CV2583, 2014 WL 2441768, at *2 (N.D. Ohio May 29, 2014) (The party seeking to alter or amend judgment under Rule 59(e) "'must either clearly establish a manifest error of law or must present newly discovered evidence.'") (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007)).

## III. DISCUSSION

In this case, Medved does not purport that there has been an intervening change in controlling law or that there is new evidence available. Therefore, the motion most closely aligns with a motion to correct a clear error of law or to prevent manifest injustice. Specifically, Medved challenges the Court's determination that sovereign immunity applied in this case to bar his claims for monetary damages. (Mot. at 187).

This argument, presented for the first time on reconsideration, is improper for a motion of this nature. Further, while the argument masquerades as one challenging subject matter jurisdiction, it asks the Court to reconsider the merits of the underlying claim. Essentially, Medved argues that the Court must analyze whether "[t]he Parole Commission stepped out of color of authority" (*id.*) before determining whether the defendants can invoke sovereign immunity. But Medved cites no authority that would require or allow the Court to perform such an adjudication. Finally, while Medved argues that sovereign immunity may be waived under the FTCA, he ignores the fact that constitutional tort claims are not cognizable under the FTCA. Therefore, this motion is nothing more than a motion to relitigate previously adjudicated issues.

## IV. CONCLUSION

For the foregoing reasons, Medved's motion for reconsideration (Doc. No. 31) is DENIED.

**IT IS SO ORDERED**.


Dated: June 7, 2018

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**